1997 SD 80

**LOYAL ORDER OF MOOSE LODGE # 1137, Appellant,**

v.

**PENNINGTON COUNTY, South Dakota Appellee.**

No. 19943.

Supreme Court of South Dakota.

Considered on Briefs June 4, 1997.

Decided July 9, 1997.

Peter J. Buttaro, Aberdeen, for appellant.

Ronald D. Buskerud, Pennington County Deputy State's Attorney, Rapid City, for appellee.

MILLER, Chief Justice.

[¶ 1.] Loyal Order of Moose Lodge # 1137 appeals the Pennington County Board of Equalization's (Board's) determination the Lodge was not used exclusively for benevolent purposes and therefore was entitled to only a sixty-seven percent property tax exemption for property located in Pennington County. We affirm in part and remand in part.

### FACTS

[¶ 2.] Moose Lodge is a nonprofit fraternal organization under section 501(c)(8) of the United States Internal Revenue Code. It owns property located in Pennington County, South Dakota. It is one of nine Moose Lodges in South Dakota.[1] The primary objective of the Lodge is to support Moose

Haven and Moose Heart programs, through membership dues and donations, designed to help youth and elderly members who cannot provide for themselves.[2] Donations also support, to a limited extent, student scholarships and local boy scout troops. Approximately ten percent of Moose Lodge's net income is used for supporting the charities and scholarships. The remainder of the income is used to maintain the property and pay salaries and operating expenses.

[¶ 3.] The Moose Lodge facility is approximately 9,600 square feet, including a bar, restaurant area and meeting room. The facility is for "members only" and nonmembers are allowed to use it only during weekly bingo games or when accompanied by a member in good standing. The bar and restaurant (which operate at a net loss and are sustained by member dues and fees) are not open during the times the Lodge is open to the public.

[¶ 4.] In response to Moose Lodge's application for renewal of its previously established one hundred percent exemption from the property tax,[3] Board reduced the Lodge's exemption to sixty-seven percent effective January 1, 1995, because the Lodge facilities were not used exclusively for benevolent purposes. Moose Lodge filed a protest of the reduced exemption and appealed the Board's ruling to the Office of Hearing Examiners. A hearing was held on July 26, 1995, and the reduction of the tax exemption was upheld. Moose Lodge appealed the hearing examiner's decision to the circuit court which affirmed the decision in its entirety.

### STANDARD OF REVIEW

[¶ 5.] Our review of administrative appeals is well settled. "When the issue is a question of law, the decisions of the administrative agency and the circuit court are fully reviewable. When the issue is a question of fact, we ascertain whether the administrative agency was clearly erroneous." *Permann v.*

---

1. Five Moose Lodges in the state are exempted from taxes pursuant to SDCL 10-4-9.2.

2. Both facilities give priority to Moose Lodge members or relatives of members over nonmember youth or elderly persons for these services.

3. Moose Lodge was previously granted a one hundred percent tax exemption by the South Dakota State Board of Equalization.

*Dep't. of Labor, Unemployment Ins. Div.,* 411 N.W.2d 113, 116 (S.D.1987) (citations omitted); SDCL 1–26–36.

## DECISION

### 1. Whether Moose Lodge is used exclusively for benevolent purposes.

▮ [¶ 6.] All property is subject to taxation unless expressly exempted by statute. *Appeal of Sioux Valley Hospital Ass'n,* 513 N.W.2d 562, 564 (1994) (citing *South Dakota Education Ass'n v. Dromey,* 85 S.D. 630, 188 N.W.2d 833 (1971)). Tax exemptions for a benevolent organization are authorized by SDCL 10–4–9.2, which provides, in part:

Property owned by a benevolent organization and used exclusively for benevolent purposes is exempt from taxation. A benevolent organization is any lodge, patriotic organization, memorial association, educational association, cemetery association or similar association. A benevolent organization must be nonprofit and recognized as an exempt organization under sections 501(c)(3), 501(c)(7), 501(c)(8), 501(c)(10) or 501(c)(19) of the United States Internal Revenue Code of 1986, as amended, and in effect on January 1, 1992. However, if any such property consists of improved or unimproved property located within a municipality not occupied or directly used in carrying out the primary objective of the benevolent organization owning the same, such property shall be taxed the same as other property of the same class is taxed. However, if any such property consists of agricultural land, such property shall be taxed the same as other property of the same class is taxed. For the purposes of this section, an educational association is a group of accredited elementary, secondary or postsecondary schools. For the purposes of this section, a benevolent organization also includes a congressionally chartered veterans organization which is nonprofit and recognized as an exempt organization under section 501(c)(4) of the United States Internal Revenue Code of 1986, as amended, and in effect on January 1, 1992.

▮ [¶ 7.] A determination of whether property is used exclusively for a benevolent purpose requires an evaluation of the "purpose of the use" of the property. *South Dakota State Medical Ass'n v. Jones,* 82 S.D. 374, 380, 146 N.W.2d 725, 728 (1966). "[T]he property of a benevolent organization is not used exclusively for the purposes for which it was organized if its activities and income inure primarily to the benefit of its members, even though there are incidental benefits to the public." 82 S.D. at 381, 146 N.W.2d at 729. Property or improvements not occupied or directly used for accomplishing the benevolent objective of an organization are taxed the same as other property of the same class. SDCL 10–4–9.2. *See also* SDCL 10–4–12. Whether property is used exclusively for benevolent purposes is a question of fact for the fact finder to resolve. *South Dakota State Medical Ass'n,* 82 S.D. at 381, 146 N.W.2d at 728.

▮ [¶ 8.] Moose Lodge is a benevolent organization within the meaning of SDCL 10–4–9.2. The hearing examiner held Moose Lodge is not entitled to the one hundred percent exemption allowed under SDCL 10–4–9.2, because it is not used exclusively for benevolent purposes. Instead, Moose Lodge is primarily used to facilitate social activities exclusive to its members. The record indicates ninety percent of the income generated by member dues, fees and donations, is used to operate the private facility. The Lodge is open to the public only on special occasions or when required by law for the operation of weekly bingo games. The bar and restaurant, despite operating at a net loss, are maintained for the convenience of current members and the recruitment of new members. Despite Moose Lodge's argument to the contrary, the Lodge's activities are primarily for the benefit of the members and provide only incidental benefits to the benevolent purposes supported by the Lodge. The hearing examiner's findings of fact have not been shown to be clearly erroneous.

[¶ 9.] Moose Lodge makes much of the argument that the bar and restaurant are comparable to a restroom or cloakroom located in any benevolent organization. It argues that if all areas used for the convenience of

members are nonexempt because of the lack of a direct contribution to an organization's benevolent purpose, this narrow interpretation of "exclusive use" destroys the tax exemption. We find this argument unpersuasive. Moose Lodge fails to note a critical distinction between a restroom and cloakroom and the bar and restaurant at issue in this appeal. The bar and restaurant require continual and substantial financial support; support which otherwise could be used to support the chosen benevolent purposes. Instead, a majority of the income generated by Moose Lodge members is used to sustain privileges which are unavailable to nonmembers and of no benefit to Moose Lodge's charities. Rather than serving as an incidental service of the benevolent purpose, the bar and restaurant require expenditures of a significant portion of members' dues and serve primarily as a convenience for Moose Lodge members.

2. **Whether a grant of a sixty-seven percent exemption was in error.**

[¶ 10.] Having determined the Moose Lodge facilities are not used exclusively for benevolent purposes, the hearing examiner determined the sixty-seven percent exemption granted by Board was appropriate. Moose Lodge contends the exemption does not correspond with the evidence presented at hearing because the only figures presented to the examiner concerned the total square footage of the facility and the square footage occupied by the bar and restaurant.[4] Moose Lodge argues the determination of its partial exemptions was not supported by the

evidence presented at hearing and must be made pursuant to the formula set forth in SDCL 10–4–12.[5] We agree.

[¶ 11.] SDCL 10–4–12 sets forth the formula for determining the extent of a partial exemption for property owned by a benevolent organization but used for nonexempt purposes:

> For the purpose of determining the value of the taxable portion of the property, the appraised value of the entire property *shall be* multiplied by the percentage of the entire property used for other than health care, charitable, benevolent or religious purposes. The resulting value shall be multiplied by the percentage of time such property is used for other than health care, charitable, benevolent or religious purposes. The resulting value shall be the assessed value for taxation purposes.

(Emphasis added.) *See also Lutherans Outdoors v. Board of Equalization,* 475 N.W.2d 140, 143 (S.D.1991) (reiterating the formula as: "appraised value of property X percentage of time property is used for non-exempt purposes = taxable value"). The "shall" language of this statute mandates that partial tax exemptions be determined by performing the calculations prescribed by this statutory formula. *See Bryant v. Butte County,* 457 N.W.2d 467, 470 (S.D.1990) (noting the word "shall" is regarded as mandatory). *See also Appeal of Sioux Valley,* 513 N.W.2d at 565; *Lutherans Outdoors,* 475 N.W.2d at 143.

[¶ 12.] The hearing examiner determined Moose Lodge was entitled to a sixty-seven percent tax exemption, in part based

---

4. The evidence presented at hearing showed that the bar and restaurant encompassed 1,000 square feet of the 9,600 total square feet of the lodge.

5. Board's response to this argument in its brief to this Court consists of one paragraph in a nine-page brief which states, in part:

> In this writer's opinion, the Moose Lodge is not a benevolent organization and therefore is entitled to no exemption whatsoever. Since they are not a benevolent organization, it is a waste of time to argue how much property is used for benevolent purposes and how much is not, as the Moose Lodge argues in its second argument.... If Moose Lodge is not satisfied with [the 67%] tax exemption, then it is the

County's position that this Court should reduce the tax exemption to zero percent.

Board cites no authority in support of this argument or contrary to the position advanced by Moose Lodge. We have previously stated:

> The purpose of argument and citations to authorities is to give this court some basis on which to thoroughly consider the issues. In our adversarial system this court will not do work that appellate counsel should do. An efficient appellate court cannot simply have bare issues thrust upon it and be asked to do all the research while appellate counsel merrily abandons any effort to thoroughly research the authorities and formulate arguments.

*State v. Davis,* 401 N.W.2d 721, 726 (S.D.1987) (emphasis in original).

on a Board policy to tax mixed-use property of benevolent organizations at a predetermined rate of thirty-three percent, and in part based on the square footage attributed to the bar and restaurant area.[6] Neither of these factors are included in the statutory formula for determining the extent of a partial exemption. SDCL 10–4–9.2. The legislature has set forth a specific formula for determining partial tax exemptions for benevolent organizations. Insofar as Board's policy simply assigns a uniform partial exemption for mixed-use property of benevolent organizations, without adhering to this formula, the policy does not conform with the statutory mandates of SDCL 10–4–12. The record presented for our review is void of any evidence concerning the appraised value of Moose Lodge's property, the percentage of property used for nonexempt purposes or the percentage of time the property is used for nonexempt purposes. Absent these statutorily required figures, a calculation of Moose Lodge's partial tax exemption is impossible. SDCL 10–4–12; *Appeal of Sioux Valley*, 513 N.W.2d at 565; *Lutherans Outdoors*, 475 N.W.2d at 143. Accordingly, we remand the determination of Moose Lodge's partial tax exemption for recalculation in accordance with SDCL 10–4–12.

[¶ 13.] Affirmed in part and remanded in part.

[¶ 14.] SABERS, AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.

---

6. The hearing examiner's complete rationale for awarding the sixty-seven percent exemption, states: "In short, given the uses to which a large portion of the property is used (1000 square feet), the 67 percent exemption granted by the county is appropriate." (Citation omitted.)