2001 SD 135

**Beverly PATTERSON, Plaintiff and Appellant,**

**v.**

**Clifford L. LINN, individually, and as Mayor of the City of Sturgis, South Dakota; and, City of Sturgis, South Dakota, a Municipal Corporation, Defendants and Appellees,**

**No. 21745.**

Supreme Court of South Dakota.

Considered on Briefs May 29, 2001.

Reassigned Sept. 10, 2001.

Decided Nov. 7, 2001.

Richard A. Pluimer, Belle Fourche, for plaintiff and appellant.

Sarah Hirsch Wittmuss and James S. Nelson of Gunderson, Palmer, Goodsell & Nelson, Rapid City, for defendants and appellees.

KONENKAMP, Justice (on reassignment).

[¶ 1.] By statute, the mayor in an aldermanic-governed municipality has the authority to remove officers the mayor appointed. Clifford L. Linn, the mayor of Sturgis, summarily fired the city finance officer during her one-year term. The city has a personnel policy outlining legal procedures for discharging employees, but it was not followed. The finance officer brought suit. In granting summary judgment for the mayor and the city, the circuit court concluded that even if the personnel policy applied, it could not override the statute empowering the mayor to remove an officer. We affirm.

## Background

[¶ 2.] Beverly Patterson served as the finance officer for Sturgis, South Dakota. She had worked for the city since April 1980, first as auditor and later as finance officer. On May 3, 1999, she was reappointed to the position, when the mayor executed a warrant of appointment "for the term of one year from and after May 3, 1999, and until your successor is appointed or elected and has qualified." The Sturgis City Council approved the appointment "for the year 1999–2000."

[¶ 3.] On the day before Patterson's termination, the mayor and city council consulted with the city attorney. The attorney advised that Patterson "serves at the pleasure of the mayor, and that the mayor can terminate the finance officer." This advice was based on counsel's interpretation of SDCL 9–14–13 and our decision in *Finck v. City of Tea*, 443 N.W.2d 632 (S.D.1989). The attorney's opinion did not take into account the city's personnel policy handbook. This handbook, applicable to "all appointed city officials, management employees, contract employees and part-time employees," granted employees certain pretermination rights. Its procedures included the right to a hearing and notice.

[¶ 4.] The mayor terminated Patterson's employment on August 3, 1999. He gave no notice of intended termination, no written statement of charges, no explanation of evidence against her, and no hearing. Later the mayor explained why he gave no reason for his decision: "I felt I didn't need to. She worked at my pleasure."

[¶ 5.] Patterson sued under a multiple count complaint. The circuit court granted summary judgment in favor of the mayor and the city, reasoning that Patterson was an at-will employee. One count was settled by the parties, and Patterson now appeals, asserting that the court erred in holding that she did not have an express contract for a one-year term and in ruling that the city's personnel handbook was inapplicable to her case.

## Analysis and Decision

[¶ 6.] Our standard of review for summary judgments has been recited in nu-

merous cases and need not be repeated here. *See Kobbeman v. Oleson*, 1998 SD 20, ¶ 4, 574 N.W.2d 633, 635. The circuit court ruled, as a matter of law, that Patterson did not have an enforceable one-year contract. As authority for its decision, the court relied on SDCL 9–14–13, granting the mayor power to dismiss an appointed officer at any time without cause.

[¶ 7.] To address Patterson's claims, we construe SDCL 9–14–13. It specifies the mayoral power to remove officers the mayor appointed:

> In an aldermanic-governed first and second class municipality the mayor shall have power except as otherwise provided to remove from office any officer appointed by him, whenever he shall be of the opinion that the interest of the municipality demand such removal, but he shall report the reasons for his removal to the council at its next regular meeting.

SDCL 9–14–13. We discern legislative intent by reading the statute as a whole, along with enactments relating to the same subject. *State v. Barton*, 2001 SD 52, ¶ 8, 625 N.W.2d 275, 278 (citations omitted). We presume the Legislature intended no absurd or unreasonable purpose. *Id.* Where a grant of power appears to be delimited by statute, we will strictly resolve against a municipality power taken in excess of that grant. *Sioux Falls v. Peterson*, 71 S.D. 446, 448, 25 N.W.2d 556, 557 (1946)(interpreting a grant of municipal police power).

[¶ 8.] Patterson hinges her argument on the "except as otherwise provided" language in the statute to assert that the mayor's removal power was modified by the city employment policy. Statutory removal power of officers is one of the "great" powers afforded municipalities. *See Finck v. City of Tea*, 443 N.W.2d 632, 634 (S.D.1989).[1] To interpret the phrase "except as otherwise provided" as meaning to permit a city to grant tenure to a city officer makes the statute self-contradictory and contravenes the pattern of municipal governance defined in our statutory scheme.[2] The phrase "except as otherwise provided" can logically apply only to the Legislature's authority to grant exceptions by statute, not to a city's authority to make an exception for itself.

[¶ 9.] The power to remove appointed officers is necessary to the exigencies of administrating local government. 12 McQuillan, Municipal Corporations, § 12.233 at 380 (3d ed. 2000). This design is evinced in the plain language of SDCL 9–14–13. It provides that the mayor may remove an officer when, in the mayor's sole opinion, removal is in the best interest of the municipality. *See Finck*, 443 N.W.2d at 634. The interpretation Patterson advances clashes with the principles of municipal law upheld in Ruple v. Weinaug:

> [The] power given by the constitution or statute to remove an officer from office without notice or hearing may be exercised notwithstanding that *by ordinance, by law, or order of appointment,* an

---

**1.** In interpreting SDCL 9–14–13, we wrote in *Finck* that this statute confers on the mayor "full and absolute power to remove appointed officers whenever, in his opinion, the interests of the city require it[.]" *Finck,* 443 N.W.2d at 634.

**2.** It is noteworthy that SDCL 9–14–13 is not the only method for removing local appointed officials. Another method for removal is provided in SDCL 3–17–6 and 3–17–7. Furthermore, a municipal officer may be removed by the court for "palpable omission of duty … oppression, misconduct, or malfeasance in the discharge of the duties of his office." SDCL 9–14–37.

attempt has been made to fix a definite term of office for the officer, or provide for notice and hearing in removal proceedings.

328 N.W.2d 857, 859 (S.D.1983) (emphases added). City policies, like city ordinances, must stay within "reasonably strict" adherence to their statutory ambit. *City of Marion v. Schoenwald*, 2001 SD 95 ¶ 6, 631 N.W.2d 213, 216.

[¶ 10.] Interpreting SDCL 9–14–13 as Patterson advocates would entitle a common council effectively to annul the Legislature's express grant of removal power and allow an outgoing regime to install officers for an incoming regime. A city council could, at the end of a mayor's term, grant extended terms of office to existing officers, thus pre-selecting officers to serve under the incoming mayor. As the circuit court recognized, in an aldermanic form of government, such an ordinance could be passed by a majority vote of the aldermen. SDCL 9–8–10. Even a mayoral veto could be overridden by a two-thirds vote of the council. SDCL 9–8–3; SDCL 9–19–11. On Patterson's theory, what would preclude a city council from granting appointed officials consecutive, extended, or even life terms? This interpretation runs counter to the general management structure of municipalities.

[¶ 11.] With few exceptions, a city council cannot bind future councils: municipalities are prohibited, for example, from incurring indebtedness in excess of that appropriated for a fiscal year. *See* SDCL 9–21–8 (identifying limited exceptions); SDCL 9–21–15; *see also* 15 McQuillan, *supra* § 41.10 at 375. Under SDCL 9–14–13, Patterson's appointed position was terminable when the mayor decided it was in the city's best interests.

A contrary reading of this statute leads to the inconsonant result that a city can override the powers conferred upon it by the Legislature.

[¶ 12.] Affirmed.

[¶ 13.] GILBERTSON, Chief Justice, and MILLER, Retired Chief Justice, concur.

[¶ 14.] SABERS and AMUNDSON, Justices, dissent.

SABERS, Justice (dissenting).

[¶ 15.] It is apparent that the plain language of SDCL 9–14–13 provides the Mayor with the power to remove employees when it is deemed necessary. In that regard, this statute recognizes that employees appointed by the Mayor may be at-will. The statute, however, does not prevent a Mayor from hiring employees for specific terms.[3] The statute recognizes a limit on the power to remove an employee by conditioning that power with the language "unless otherwise provided." The language contained in SDCL 9–14–13 is in accord with the rule that South Dakota is an employment at-will state, with exceptions that can remove an employee from the at-will status. SDCL 60–4–4. *See also Merritt v. Edson*, 437 N.W.2d 528, 529 (S.D.1989) (holding that in the absence of a written contract or specified term of employment the employee is terminable at-will).

[¶ 16.] The majority opinion erroneously states that "to interpret the phrase 'except as otherwise provided' as meaning to permit a city to grant tenure to a city officer makes the statute self-contradictory and contravenes the pattern of municipal governance defined in our statutory scheme."

---

**3.** As a practical matter, the Legislature could have reasonably contemplated that the inability to limit at-will status could compromise the ability to hire and retain competent and experienced personnel.

The majority opinion fails to appreciate the fact that Mayor chose to appoint Patterson to a one-year term. Mayor specified the one-year term and Council approved that appointment. Mayor, himself, decided to limit his power to terminate at-will. A city council cannot remove the at-will status, only Mayor can. The facts here also demonstrate that Patterson was appointed and serving under Mayor. The majority opinion states that, if Patterson's interpretation of SDCL 9–14–13 is adopted, it "would entitle a common council effectively to annul the Legislature's express grant of removal power and allow an outgoing regime to install officers for an incoming regime." The majority opinion sets forth a parade of horribles that simply does not exist. This is not a situation where the outgoing officer made "midnight appointments" to preserve his legacy. The majority opinion is addressing an issue that is not there. The majority opinion is not beating a dead horse, it is beating a nonexistent one.

[¶ 17.] The majority opinion seizes on the language of SDCL 9–14–13 to determine that the Mayor hires at-will. Yet, it is clear that in South Dakota at-will employment is the norm, not the exception. SDCL 60–4–4. Why would the Legislature duplicate itself by reasserting the at-will statute in SDCL 9–14–13?

[¶ 18.] Instead, the Legislature has indicated with SDCL 9–14–13 that Mayor has the power to hire and fire any official, even if the person is not at-will, to protect the public when it is deemed necessary. The statute clearly indicates Mayor has the power to remove an employee when he is of "the opinion that the interests of the municipality demand." The majority opin-ion relies upon *Ruple,* 328 N.W.2d at 859, and *Finck,* 443 N.W.2d at 632, to support its point. This reliance is misplaced. In these cases, we upheld the termination of both employees based on their at-will status. Significantly, neither case involved employees who were hired for a specified term and are therefore distinguishable.

[¶ 19.] The majority opinion mistakes the power to remove an employee to protect the municipality with a blanket rule that no official may be hired unless he or she is at-will. This is tantamount to hamstringing municipal governments. The protections afforded a contract or term employee are a legitimate bargaining tool for the municipality to attract experienced and competent personnel. SDCL 9–14–13 allows municipalities that power, but it also allows the Mayor to get rid of a person with expedience if a problem develops. Nonetheless, this quick action does not relieve the municipality from liability if the removal was without just cause. That determination can only be made at trial.

[¶ 20.] The Mayor hired Patterson for a one-year term and such hiring was approved by the City Council. The warrant of appointment was signed by Patterson and the Mayor. (See Attachment). The position taken by the City and supported by the majority would seem to constitute fraud if the parties were reversed. Patterson proved that Mayor relinquished his power to remove her without regard to liability. Therefore, summary judgment was inappropriate and I respectfully dissent.

[¶ 21.] AMUNDSON, Justice, joins this dissent.