2002 SD 159

**Leonard McELHANEY, Appellant,**

v.

**CITY OF EDGEMONT, Appellee.**

**No. 22292.**

Supreme Court of South Dakota.

Considered on Briefs on Oct. 7, 2002.

Decided Dec. 18, 2002.

Patrick M. Ginsbach of Farrell, Farrell and Ginsbach Hot Springs, South Dakota, Attorneys for appellant.

Donald P. Knudsen of Gunderson, Palmer, Goodsell & Nelson Rapid City, South Dakota, Attorneys for appellee.

GILBERTSON, Chief Justice.

[¶ 1.] In *McElhaney v. Anderson* (*McElhaney I*), we reversed and remanded the circuit court's decision which re-

stored Leonard McElhaney (McElhaney), former Street and Water/Utilities Superintendent for the City of Edgemont (City), to his appointed position. 1999 SD 78, ¶ 16, 598 N.W.2d 203, 207. In our holding, we found that McElhaney had adequate alternative remedies through the South Dakota Department of Labor (DOL). *Id.* However, in the DOL proceedings, McElhaney's claims were ultimately dismissed, which the Seventh Judicial Circuit later affirmed. As a result, McElhaney brings this appeal. He claims that summary judgment was not proper because the City violated its procedure manual when the Mayor did not reappoint him to his position. We affirm the circuit court's order.

### FACTS AND PROCEDURE

[¶ 2.] McElhaney served as the City's Street and Water Commissioner/ Utility Superintendent beginning in 1977. However, on May 4, 1998, the then Mayor, Gary Martin (Martin) appointed and the Edgemont City Council (Council) approved, Russell Anderson (Anderson) as the new Street and Water Commissioner.[1] McElhaney filed an application and affidavit for writ of prohibition in the circuit court several days later. He asserted that the Council had no authority to appoint a Street and Water Commissioner because it had not included that appointment as an agenda item prior to the meeting. The

circuit court granted McElhaney's writ and scheduled a hearing for May 29, 1998.

[¶ 3.] After the hearing, the court found that by adding the appointment of a Street and Water Commissioner to the agenda during the Council meeting, the City had violated South Dakota's open meetings law. Therefore, the City's appointment of Anderson to that position was void. The writ of prohibition was discharged, and the City was instructed to "follow the applicable statutes." Furthermore, the court in its Memorandum Opinion stated, "If the City complies with the open meeting requirement, there is no legal reason why they could not appoint Russell Anderson ... The applicant has no entitlement to a continued appointment. . . . "

[¶ 4.] On June 15, 1998, the City once again met and appointed Anderson as Street and Water Commissioner. However, because the City realized that one of its council members had not received personal service of notice of the council meeting, the City cured this defect by meeting on June 22, 1998, and once again appointing Anderson to that position. McElhaney followed the proper procedures for filing grievances and finding no relief, appealed to the Council, which also rejected his grievances.

[¶ 5.] McElhaney appealed the Council's decision to the South Dakota DOL. The DOL stayed its proceedings awaiting

---

1. City contends that at this May 4, 1998, meeting, pursuant to a new city ordinance, it had no intention of appointing a Street and Water Commissioner/Utilities Superintendent. The City had decided to change its method of managing the City's streets, water and wastewater functions. The City further contends that this position was to be eliminated and a different system was in the process of being adopted, which included provisions for the appointment of "working foremen." The City asserts that since the new ordinance was not legally effective on May 4, 1998 (by law, it

could not take effect for 20 days following publication in the newspaper), McElhaney was to continue in his current position until it took effect. At that point, McElhaney was to assume the duties of the working foreman of Waste Management with no change in pay. However, the City contends that McElhaney's attorney, who was present at this May 4 meeting, pressured the Council into appointing a new Street and Water Commissioner, threatening the Council with a lawsuit. The mayor, therefore, appointed and the Council approved Anderson to this position.

the outcome of McElhaney's litigation in circuit court where he sought a writ of quo warranto against Anderson and the City, claiming that Anderson unlawfully held the office for the City. The circuit court issued the writ and later, found in favor of McElhaney, finding that he was legally entitled to the position. The City appealed.

[¶ 6.] We reversed the circuit court's decision in *McElhaney I*, 1999 SD 78, ¶ 4, 598 N.W.2d 203, 205. This Court held, "[A]s this writ is extraordinary and adequate alternative remedies are available in this case, McElhaney should pursue his grievance through the Department of Labor and not with a writ of quo warranto." 1999 SD 78, ¶ 16, 598 N.W.2d at 207. We, therefore, commanded the circuit court to quash the writ. *Id.*

[¶ 7.] After we reversed the circuit court's opinion, the South Dakota DOL once again took up McElhaney's appeal from the City Council's denial of his grievance. Both McElhaney and the City declared there were no issues of material fact and filed motions for summary judgment. McElhaney's motion for summary judgment alleged the City had failed to follow the time limits in handling McElhaney's grievance as imposed by the City's Personnel Manual, constituting a settlement of his grievance in his favor. The City in its motion argued that McElhaney had no right to pursue a grievance before the DOL because the City's Personnel Manual did not apply to him since a failure of reappointment did not constitute a demotion.

[¶ 8.] The DOL granted the city's motion and found that the City was free to appoint anyone to the Street and Water Commissioner position, because McElhaney had no continuing right to that office following the expiration of the term of his appointment. Additionally, the DOL found that McElhaney lacked a grievable claim under the terms of the City's Procedure Manual as the City's failure to reappoint McElhaney did not constitute a demotion. The Seventh Judicial Circuit later affirmed the DOL's decision.

[¶ 9.] McElhaney seeks review of the circuit court's order. He raises the following issue for appeal:

**Whether the DOL properly dismissed McElhaney's cause of action against the City.**

## STANDARD OF REVIEW

[¶ 10.] On appeal from an administrative agency, this Court reviews the decision according to the standard set forth in SDCL 1–26–36, which provides:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced . . .

"When the issue is a question of fact, we ascertain whether the administrative agency was clearly erroneous." *Butte County v. Vallery*, 1999 SD 142, ¶ 8, 602 N.W.2d 284, 286–87 (quoting *Moose Lodge v. Pennington County*, 1997 SD 80, ¶ 5, 566 N.W.2d 132, 133 (additional citations omitted)). When, however, the issue is a question of law, we review the decisions of both the administrative agency and the circuit court de novo. *Vallery*, 1999 SD 142, ¶ 8, 602 N.W.2d at 286–87.

## ANALYSIS AND DECISION

[¶ 11.] **Whether the DOL properly dismissed McElhaney's cause of action against the City.**

[¶ 12.] The DOL found that McElhaney's position with the City was an ap-

pointed position, one that did not give McElhaney a property right in his employment. Additionally, the DOL determined that because the City's Procedural Manual did not constitute an employment contract, this likewise supported the finding that he lacked any type of property interest. Finally, the DOL found that the City's failure to reinstate McElhaney was not a demotion and did not fall under the City's procedural guidelines regarding demotions. The circuit court found these findings proper under the law. We agree.

[¶ 13.] Under SDCL 9–14–13, the mayor has the authority to remove an appointed official as he deems necessary to promote the interests of the municipality. In *Patterson v. Linn*, we held that [plaintiff's] appointed position was terminable when the mayor decided it was in the city's best interest[,]" and to hold otherwise is contrary to the provisions of SDCL 9–14–13. 2001 SD 135, ¶ 11, 636 N.W.2d 467, 470.

[¶ 14.] McElhaney contends that *Patterson* is distinguishable from his case because he held two positions: one was an appointed position (Street and Water Commissioner); the other was not an appointed position (Utilities Superintendent). Further, McElhaney alleges that although the position of Street and Water Commissioner was created by ordinance, the position of Utilities Superintendent was created by contract. We find that this argument is inconsistent with the factual record. First of all, McElhaney concedes in his brief that the Superintendent position was eliminated by the City Council in February 1998. Furthermore, in numerous places in his pleadings, he confirms his belief that the Street and Water Commissioner position was one and the same as the Utilities Superintendent position. It is well-settled law that in later proceedings, a party cannot claim a better version of the facts than he previously claimed. *Loewen v. Hyman Freightways, Inc.*, 1997 SD 2, ¶ 16, 557 N.W.2d 764, 768; *see also World Turner v. Weber*, 2001 SD 125, ¶ 14, 635 N.W.2d 587, 592; *Vaughn v. John Morrell & Co.*, 2000 SD 31, ¶ 36, 606 N.W.2d 919, 926. Therefore, McElhaney's argument must fail.

[¶ 15.] Next, McElhaney asserts that the City is taking an inconsistent position as against the one argued in *McElhaney I*. Specifically, McElhaney argues that since we agreed with the City's argument that McElhaney should not be allowed to pursue his writ of quo warranto as he had not exhausted his administrative remedies, the City cannot now say the City's Procedural Manual does not apply to him. *See McElhaney I*, 1999 SD 78, ¶ 10, 598 N.W.2d at 206. We find this argument unpersuasive.

[¶ 16.] McElhaney erroneously interprets the meaning of the term "remedy." According to *Booth v. Churner*, the United States Supreme Court defined "remedy" as:

> [D]epending on where one looks, "remedy" can mean either specific relief obtainable at the end of a process of seeking redress, or the process itself, the procedural avenue leading to some relief.

532 U.S. 731, 738, 121 S.Ct. 1819, 1823–1824, 149 L.Ed.2d 958 (2001) (citing *Black's Law Dictionary* 1296 (7th ed.1999)). In discussing the scope of Art VI § 20 of the South Dakota Constitution (open courts provision), we examined the nature of a remedy as compared to a recovery. We held that our constitutional based legal system:

> could not provide relief to all claimants simply by virtue of the nature of the legal system which through the frailties of human nature may not always result

in the vindication of a claim...." [T]his merely guarantees every suitor his day in a court of competent jurisdiction; it does not guarantee a remedy accompanied by certainty of recovery."

*Wegleitner v. Sattler,* 1998 SD 88, ¶ 31, 582 N.W.2d 688, 697–698 (internal citations omitted). Thus, the term "remedy" as used in the *McElhaney I* decision refers to the procedures available to McElhaney to seek relief. Furthermore, McElhaney had a plain, speedy, and adequate remedy in the ordinary course of the law, *i.e.* the grievance procedure set forth in the City's Personnel Manual. The fact that McElhaney may utilize this procedure, however, does not mean he is guaranteed a ruling in his favor on the merit of his claim.

[¶ 17.] McElhaney argues that the City's position is that McElhaney is not entitled to utilize the City's grievance procedure. McElhaney misconstrues the City's position. The City argues that McElhaney has a right to utilize the City's grievance procedures, which he did. The City's argument is that the City's Procedural Manual did not apply to him because failure to reinstate McElhaney was not a demotion. As such, he had no right to the grievance procedures outlined in the manual as it pertains to demotions. Furthermore, the DOL found he had no legally protected right to be appointed to the Street and Water Commission/Utility Superintendent position following the expiration of this appointed term. We agree.

[¶ 18.] Affirmed.

[¶ 19.] KONENKAMP and ZINTER, Justices, concur.

[¶ 20.] AMUNDSON, Retired Justice, concurs.

[¶ 21.] SABERS, Justice, dissents.

[¶ 22.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.

SABERS, Justice (dissenting).

[¶ 23.] I disagree with the majority decision. This Court's majority should have accepted the circuit court's findings of fact and conclusions of law in *McElhaney I,* and its failure to do so has left McElhaney without a viable remedy.

[¶ 24.] In *McElhaney I,* the majority ordered the writ because McElhaney "failed to exhaust his administrative remedies," which was the exact argument made by the City on appeal. However, as soon as McElhaney attempted to exhaust his administrative "remedy," he was thwarted by the City's argument and the Department's finding that the City's Procedural Manual did not apply to him. This finding deprived him of the remedy that the majority required him to exhaust in *McElhaney I.*

[¶ 25.] The majority misconstrues the meaning of the word remedy. I agree that McElhaney had no guarantee of relief in pursuing the administrative hearing. However, "remedy" implies that he should have at least had the opportunity to address his grievance before being thrown out of court. As the majority notes at ¶ 16, "the term remedy ... refers to the *procedures* available to McElhaney to seek relief." (emphasis supplied). The finding that the Policy Manual did not apply to him removed the only procedure available to him to seek relief after the decision in *McElhaney I.*

[¶ 26.] *McElhaney I* stressed the importance of conserving judicial resources. But the ultimate result in this case is that judicial resources have been wasted and the claimant has been denied any remedy for his grievance. He has not had the

merits of his claim addressed despite the fact that he has been to both the circuit court and this Court on two occasions. This waste of resources could and should have been avoided by accepting the circuit court's findings and conclusions in *McElhaney I* and allowing him an avenue to redress his grievance.