2002 SD 17

**Patrick BURKE, Plaintiff and Appellant,**

v.

**BUTTE COUNTY, Defendant and Appellee.**

**No. 21976.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 7, 2002.

Decided Feb. 6, 2002.

Patricia de Hueck, Pierre, SD, Attorney for plaintiff and appellant.

Jim D. Seward, Butte County State's Attorney, Belle Fourche, SD, Attorney for defendant and appellee.

GILBERTSON, Chief Justice.

[¶ 1.] Patrick Burke (Burke) is the owner of 12,977.29 acres of agricultural land in the north central part of Butte County (County). Burke testified he had the land, which is used primarily for grazing, appraised in 1994 and updated in 1998. Based on this appraisal, as well as his own knowledge of the property and surrounding land sales, Burke testified that he estimated the value to be $55 per acre. County, however, assessed the property at $99.19 per acre for a total valuation of $1,287,096.30. The Office of Hearing Examiners (OHE) affirmed County's assessment. Burke appealed to the circuit court, which affirmed the decision of OHE. Burke now appeals the circuit court's decision. We affirm.

**FACTS AND PROCEDURE**

[¶ 2.] Burke's property, almost entirely made up of rangeland used for grazing sheep and cattle, was originally appraised in 1994 for the purpose of a family transfer. The appraisal was then updated in 1998. Based on this appraisal, as well as his knowledge of the land's composition and a neighboring land sale, Burke testified that he estimated the property value at $55 per acre. Yet, Burke did not provide any specific details about this land sale, he did not present the actual appraisal as evidence, nor did his appraiser testify at trial.

[¶ 3.] County assessed the land on November 1, 1999, at an average of $99.19 per acre, totaling $1,287,096.30. The assessment was performed by Barbara Potter (Potter). Potter was the County Director of Equalization at the time of the assessment, but she has since resigned her position and did not testify at the hearing.

[¶ 4.] John Widdoss (Widdoss) was hired by County to review agricultural land sales and determine top-dollar land values. Widdoss prepared a summary, entitled Rural Land Study and Productivity Analysis Report, which includes various land sales in County from 1995 through 1999. Widdoss did not actually assess Burke's property, nor did he review *all* agricultural land transfers in County during 1999.[1]

[¶ 5.] OHE made findings of fact that Burke provided little evidence in support of his position and that the conclusion of

1. Apparently, Widdoss' calculations were used in assessing Burke's land. Widdoss conceded, however, that he only reviewed two 1999 land sales in County when making his calculations. Widdoss determined that the average selling price for top-rated soil was $339 per acre, with a median selling price at $285 per acre. The top-rated soil was then given the rating of 1.00. All other soil was converted to that scale by determining how many acres with lesser grade soil it would take to equal the production of the acres with top-rated soil. For example, soil rated at .25 would require four acres to yield the same production of top-rated (1.00) soil.

value by Burke's private appraiser was inadmissible hearsay. OHE also found that, because Burke provided no details regarding the sales information he used in estimating his land's value, his testimony was not persuasive.[2] Therefore, OHE concluded that Burke had not met his burden because he "failed to present sufficient evidence to show the assessed valuation of the subject property was higher than full and true, lacked uniformity, or was discriminatory."

[¶6.] The circuit court affirmed OHE's determination on the basis that it was not clearly erroneous. The court held that even if Burke could overcome the presumption in favor of the assessors, he still had not met the required showing that the tax was unjust and inequitable. Like OHE, the court pointed to Burke's failure to present evidence supporting his position. Furthermore, Burke failed to independently establish a market value for the land.

[¶7.] The circuit court also upheld the admission of Mr. Widdoss' testimony, notwithstanding the fact that he was not a certified appraiser. In addition, the court upheld the exclusion of Burke's private appraiser's conclusions as inadmissible hearsay because the appraiser did not testify. Therefore, Burke raises the following issues for appeal:

1. Whether Widdoss is a competent expert witness as to property valuation in County, notwithstanding the fact that he is not a certified appraiser.

2. Whether Burke's private appraiser's conclusions were inadmissible hearsay and entitled to no weight.

3. Whether the assessors were entitled to a presumption of correctness and,

if so, whether Burke failed to overcome the presumption.

## STANDARD OF REVIEW

[¶8.] On an appeal from an administrative agency, this Court reviews the decision according to the standard set forth in SDCL 1–26–36, which provides:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Clearly erroneous in light of the entire evidence in the record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

A court shall enter its own findings of fact and conclusions of law or may affirm the findings and conclusions entered by the agency as part of its judgment. The circuit court may award costs in the amount and manner specified in chapter 15–17.

"When the issue is a question of fact, we ascertain whether the administrative agency was clearly erroneous." *Butte County v. Vallery*, 1999 SD 142, ¶8, 602 N.W.2d 284, 286–87 (quoting *Moose Lodge v. Pennington County*, 1997 SD 80, ¶5, 566 N.W.2d 132, 133 (additional citations omit-

---

2. Burke testified that he was not familiar with the agricultural land market in Butte County, nor did he give any specific reasons for his valuation.

ted)). When, however, the issue is a question of law, we review the decisions of both the administrative agency and the circuit court *de novo.* *Vallery,* 1999 SD 142 at ¶ 8, 602 N.W.2d at 286–87.

■ [¶ 9.] Our standard for reviewing admissibility of expert testimony is also well settled. This Court has stated that:

> [w]e review questions of admissibility of an expert witness' testimony under an abuse of discretion standard. We have long acknowledged that the trial court has broad discretion concerning the admission of expert testimony. The trial court's decision on such matters will not be reversed absent a clear showing of an abuse of discretion.

*Maroney v. Aman,* 1997 SD 73, ¶ 33, 565 N.W.2d 70, 78 (quoting *Schaffer v. Edward D. Jones & Co.,* 1996 SD 94, ¶ 6, 552 N.W.2d 801, 805 (citations omitted)). Accordingly, for a reversal, Burke must show that no "judicial mind, in view of the law and the circumstances, could have reasonably reached the same conclusion." *State v. Barber,* 1996 SD 96, ¶ 14, 552 N.W.2d 817, 820 (citation omitted).

## ANALYSIS AND DECISION

[¶ 10.] **1. Whether Widdoss is a competent expert witness as to property valuation in Butte County, notwithstanding the fact that he is not a certified appraiser.**

[¶ 11.] Burke asserts that because Widdoss is not a certified appraiser, as is required for all assessing officials under SDCL 10–3–1.1, he should not be allowed to testify to the value of Burke's land on behalf of County. We disagree.

[¶ 12.] SDCL 10–3–1.1 does not set forth any requirements for expert witnesses. It requires only that an assessing or appraising official "hold[ ] an appropri-

ate certificate issued by the Department of Revenue...." Widdoss, however, did not actually perform the assessment of Burke's land; the officer who did do the assessment merely used his research. Therefore, this statute's certification requirement is irrelevant for determining the admissibility of Widdoss' testimony as an expert in the field of land valuation.

[¶ 13.] Notwithstanding his lack of certification, Widdoss possesses other qualifications that OHE could have deemed sufficient for admitting his testimony on land valuation. The standard [3] for allowing expert testimony is set forth in SDCL 19–15–2:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

Widdoss was a fee appraiser for twenty-three years, during which he did several private appraisals in County. Widdoss also authored four 40–hour courses used to instruct other rural appraisers. Based upon his experience, the circuit court held "Widdoss was well qualified to testify as an expert regarding agricultural valuations." The court also noted that because Widdoss did not actually do the appraising, "the Examiner gave his value the proper weight." We see no abuse of discretion in the decision to admit Widdoss' expert testimony.

[¶ 14.] **2. Whether Burke's private appraiser's conclusions were inadmissible hearsay and entitled to no weight.**

■ [¶ 15.] Burke argues that his appraiser's conclusions should be admissi-

---

3. The rules of evidence apply to administrative hearings. *See* SDCL 19–9–14.

ble, despite Burke's failure to call him as a witness. We disagree. Burke did not even attempt to have the actual appraisal admitted. Thus, the only evidence of the appraiser's conclusions came from Burke himself. It was second-hand information offered to prove the truth of the matter asserted. County properly objected to Burke's testimony of the appraiser's conclusions as inadmissible hearsay. We find no abuse of discretion in denying the admission of this evidence.[4]

■ [¶ 16.] Burke also asserts that OHE improperly concluded that Burke's testimony regarding his estimation of value should be given no weight. This, however, is not what the record reflects. OHE specifically concluded "Petitioner is, of course, competent to testify as to the value of his property, but without something more to substantiate that value it is only an assertion and is not persuasive." Thus, Burke's testimony, in light of his knowledge of the land, was considered but found to be unpersuasive without supporting evidence. OHE is entitled to weigh the credibility of the witnesses and is free to choose between conflicting testimony. *See Foley v. State ex rel. S.D. Real Estate Comm'n*, 1999 SD 101, ¶ 9, 598 N.W.2d 217, 220. OHE simply found County's evidence to be more persuasive. Its decision is supported by evidence in the record and is not clearly erroneous.

4. Even if Burke had achieved admission of the appraisal testimony, it does not mandate an opposite result as far at this case is concerned. Such oral testimony, even if accepted, has been regarded to be of minimal evidentiary weight in appropriate instances:

In South Dakota, we recognize and use the "adverse inference rule." This rule provides that if a party has evidence under its control and does not present that evidence, an inference may be drawn that the evidence would not support that party's claim. *Amert v. Lake County Bd. of Equalization*, 1998 SD 66, ¶ 28, 580 N.W.2d 616, 621

[¶ 17.] **3. Whether the assessors were entitled to a presumption of correctness and, if so, whether Burke failed to overcome the presumption.**

■ [¶ 18.] "All real property in South Dakota is to be assessed for tax purposes at its true and full value." *Vallery*, 1999 SD 142 at ¶ 11, 602 N.W.2d at 287 (citing SDCL 10–6–33). Agricultural land is assessed in accordance with SDCL 10–6–33.1, which provides:

The true and full value in money of agricultural land, as defined by § 10–6–31, which has been in primarily agricultural use for at least five successive years immediately preceding the tax year for which assessment is to be made, shall be the market value as determined for each county through the use of all comparable sales of agricultural land based on consideration of the following factors:

(1) The capacity of the land to produce agricultural products as defined in § 10–6–33.2; and

(2) The soil, terrain and topographical condition of the property including but not limited to capability, the land's use, climate, accessibility and surface obstructions which can be documented through an analysis of land selling prices;

(quoting *Sabhari v. Sapari*, 1998 SD 35, ¶ 14, 576 N.W.2d 886, 891 n. 6 (quoting *Matters v. Custer County*, 538 N.W.2d 533, 536 (S.D.1995))). *See also Klinker v. Beach*, 1996 SD 56, ¶ 15, 547 N.W.2d 572, 576 n. 2 (stating that because a relevant document was not offered in support of any claims made by the plaintiff, the court will "assume it would not provide such support") (citing *Matters*, 538 N.W.2d at 536). *Wuest ex rel. Carver v. McKennan Hosp.*, 2000 SD 151, ¶ 10, 619 N.W.2d 682, 686 (citing *In re Estate of Klauzer*, 2000 SD 7, ¶ 17, 604 N.W.2d 474, 478).

The comparable sales that are used shall be evidenced by an instrument recorded with the register of deeds of the county in which the land is located, if the date of such instrument and the recording date is not more than two years prior to the assessment year.

"There is a presumption that tax officials act in accordance with the law and not arbitrarily or unfairly when assessing property, and the taxpayer bears the burden to overcome this presumption." *Vallery*, 1999 SD 142 at ¶ 11, 602 N.W.2d at 287 (citations omitted). To overcome this presumption, "[the] [t]axpayer must produce sufficient evidence to show the assessed valuation was in excess of true and full value, lacked uniformity in the same class[,] or was discriminatory." *Id.* (citations omitted).

[¶ 19.] Burke maintains that ·County is not entitled to the presumption in this case because it did not comply with the proper procedures and requirements. Specifically, Burke alleges that the assessment was in error because: (1) Potter used information gathered by Vavra, in violation of SDCL 10–3–1.1; (2) Potter used the market analysis completed by Widdoss, in violation of SDCL 10–3–1.1; and (3) the market analysis contained only two sales from 1999 and contained sales from more than two years prior to the assessment year, in violation of SDCL 10–6–33.1.

[¶ 20.] As explained above, SDCL 10–3–1.1 only requires certification of the assessing official. Potter, the individual who performed the assessment, was certified in compliance with the statute. The statute says nothing about the qualifications of experts who may aid the Director in gathering data. Thus, there is no violation of SDCL 10–3–1.1.

[¶ 21.] County did, however, use improper data by incorporating land sale values from more than two years prior to the assessment date. County used Widdoss' market analysis, which incorporated sales from 1995 through 1999. County also failed to incorporate sufficient data from sales in 1999.[5] These data, however, actually served to lower the land value, not increase it. "Even if the director of equalization fails to fully comply with statutory mandates, rendering the assessment void, a taxpayer cannot avail himself of such invalidity without also showing that the tax levied was unjust and inequitable." *Poindexter v. Hand County Bd. of Equalization*, 1997 SD 71, ¶ 12, 565 N.W.2d 86, 89–90 (citation omitted).·

[¶ 22.] Burke's failure to submit any evidence,, other than his own testimony, did not satisfy his burden. In the very least, Burke was required to submit an alternate appraisal establishing that Potter's assessment was in question. "Without an appraisal showing [Director's] assessment was erroneous, [Taxpayer] has not overcome the presumption of correctness. Simply asserting that the valuation was in excess of the true and full value does not make it so. Taxpayer must demonstrate that the assessment was unjust and inequitable." *Richter Enterprises, Inc. v. Sully County*, 1997 SD 61, ¶ 14, 563 N.W.2d 841, 845 (internal citations omitted).

[¶ 23.] Given the lack of evidence and authority presented by Burke, as well as our deference to OHE in determining the credibility of the witnesses and the weight to be· given to their testimony, we cannot say that the decision of OHE is clearly

---

**5.** SDCL 10–6–33.19 provides that sales in previous years may only be used when there are less than 15 sales of agricultural land in the county. The record established that there were more than 15 good sales within County in 1999.

erroneous. Therefore, we affirm the decisions of both OHE and the circuit court in this case.

[¶ 24.] SABERS, AMUNDSON, and KONENKAMP, Justices, and GORS, Acting Justice, concur.