#27922-r-DG
**2017 S.D. 75**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

IN THE MATTER OF
CIMERON GRANT ERICKSON,                    Petitioner and Appellee,

v.

DEPARTMENT OF PUBLIC SAFETY,            Respondent and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE DOUGLAS E. HOFFMAN
Judge

\* \* \* \*

RICHARD L. JOHNSON
Sioux Falls, South Dakota                      Attorney for petitioner
                                               and appellee.


JENNA E. HOWELL
Special Assistant Attorney General
South Dakota Department of
 Public Safety
Pierre, South Dakota                           Attorneys for respondent
                                               and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON MAY 30, 2017
OPINION FILED **11/15/17**

#27922

GILBERTSON, Chief Justice

[¶1.]        Cimeron Grant Erickson, who holds a commercial driver's license,

pleaded guilty to operating a vehicle while his blood alcohol content was

0.08 percent or more.  The South Dakota Department of Public Safety subsequently

disqualified him from operating commercial motor vehicles for one year.  Erickson

appealed the Department's decision to the circuit court, which reversed the

Department's decision without remanding.  The Department appeals.  We reverse

the circuit court's decision.

**Facts and Procedural History**

[¶2.]        On July 30, 2011, Erickson was arrested for driving his motorcycle

while under the influence of alcohol.  On November 3, 2011, Erickson pleaded guilty

to driving a vehicle while his blood alcohol content was 0.08 percent or more, in

violation of SDCL 32-23-1(1).  At Erickson's sentencing hearing on December 19,

Magistrate Judge Alan D. Dietrich suspended the imposition of sentence and placed

Erickson on probation for a period of three years.  Erickson successfully completed

probation, and on January 2, 2015, Magistrate Dietrich discharged Erickson and

signed an order sealing his criminal record.

[¶3.]        Prior to Erickson's 2011 arrest, he worked as a truck driver in South

Dakota, Iowa, Minnesota, Nebraska, North Dakota, and Wyoming.  He obtained his

commercial driver's license in South Dakota in 2003.  On January 13, 2015, the

Department notified Erickson that because of his plea, it was disqualifying him

from operating a commercial motor vehicle for one year pursuant to SDCL 32-12A-

36.  On January 22, Erickson requested a hearing.  Administrative Law Judge

(ALJ) Ryan Darling held a telephonic hearing with the parties on March 17.

During the hearing, the parties referred to the offense for which Erickson pleaded guilty as a "DWI." On June 16, ALJ Darling issued proposed findings of fact, conclusions of law, and an order recommending Erickson be disqualified from holding a commercial driver's license for one year. The following day, the Department's program director, Jane Schrank, issued a final decision adopting ALJ Darling's recommendation.

[¶4.] Erickson appealed the Department's decision to circuit court. The court determined that the record before ALJ Darling included neither the complete criminal file nor a transcript of Erickson's plea hearing before Magistrate Dietrich. According to the court, the docket sheet on file stated that Erickson pleaded guilty to "driving under the influence of alcohol." However, after reviewing an audio recording of the plea hearing, the court concluded Erickson pleaded guilty to driving with a blood alcohol content of 0.08 percent or more under SDCL 32-23-1(1)—not to driving while under the influence of alcohol under SDCL 32-23-1(2). The circuit court concluded that SDCL 32-23-1(1) and -1(2) set forth distinct crimes and that SDCL 32-12A-36(1) contemplates only convictions under SDCL 32-23-1(1). Thus, because Erickson pleaded guilty to driving a vehicle with a blood alcohol content of 0.08 percent or more, the court concluded SDCL 32-12A-36(1)'s disqualification did not apply to Erickson and reversed.

[¶5.] The Department appeals, raising the following issue: Whether pleading guilty to driving with a blood alcohol content of 0.08 percent or more in

#27922

violation of SDCL 32-23-1(1) is a conviction for driving while under the influence of alcohol within the meaning of SDCL 32-12A-36(1).[1]

## Standard of Review

[¶6.] The central issue in this case is a question of statutory construction, which we review de novo. *State v. Underwood*, 2017 S.D. 3, ¶ 5, 890 N.W.2d 240, 241. We give no deference to the circuit court's legal conclusions. *Id.*

## Analysis and Decision

[¶7.] The Department argues the circuit court erred by considering the question whether pleading guilty to driving a motor vehicle with a blood alcohol content of 0.08 percent or more is a conviction for driving under the influence of alcohol within the meaning of SDCL 32-12A-36(1), which states, in part:

> Any person is disqualified from driving a commercial motor vehicle for a period of not less than one year:
>
> (1) If convicted of a first violation of driving or being in actual physical control of a commercial or noncommercial motor vehicle while under the influence of alcohol, or any controlled drug or substance, in violation of § 32-23-1 . . . .

Erickson acknowledges in his briefs to this Court, as the circuit court acknowledged in its decision, that he did not raise this issue in the administrative proceedings. Normally, a circuit court's appellate review is confined to the administrative record. SDCL 1-26-35. However, because the circuit court concluded SDCL 32-23-1(1)

---

1. In its initial brief, the Department also argued that the circuit court erred by considering issues not raised in the administrative proceedings, that the circuit court erred in ruling the Department had a responsibility to obtain Erickson's complete criminal file, and that the circuit court erred by taking judicial notice of facts contained in Erickson's sealed criminal file. In its reply brief, the Department omitted the judicial-notice question in its statement of the issues. Regardless, our decision on the scope of SDCL 32-12A-36(1) resolves or moots the remaining issues in this appeal.

-3-

and -1(2) state separate offenses, the court concluded the absence of Erickson's plea was a procedural irregularity under SDCL 1-26-35[2] as well as an error of law under SDCL 1-26-36.[3] Thus, on its own motion, the court considered this question.

[¶8.]     The circuit court's reliance on SDCL 1-26-35 and -36 is misplaced. Under SDCL 1-26-35, the circuit court's review "shall be confined to the record." As an exception to that rule, a court may augment the administrative record if presented with an irregularity "in procedure before the agency, not shown in the record[.]" SDCL 1-26-35. In contrast, SDCL 1-26-36 merely states the standards of review applicable to administrative appeals. Under that statute, the reviewing court may affirm, reverse, or modify the decision of the administrative tribunal. SDCL 1-26-36 does not mention—let alone authorize—augmenting the administrative record on appeal. Therefore, the court's decision to augment the administrative record could only be justified, if at all, under SDCL 1-26-35.

[¶9.]     SDCL 1-26-35 did not authorize the circuit court to augment the administrative record in this case. SDCL chapter 1-26 does not define the phrase *irregularities in procedure*, but this phrase parallels language found in the rules of civil procedure that set out grounds for granting a new trial. *Compare* SDCL 1-26-35 ("[I]n cases of alleged irregularities in procedure before the agency, not shown in

2.     SDCL 1-26-35 states, in part: "[I]n cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court."

3.     SDCL 1-26-36 states, in part: "The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . [a]ffected by other error of law . . . ."

the record, proof thereon may be taken in the court."), *with* SDCL 15-6-59(a)(1) ("A new trial may be granted . . . for . . . [i]rregularity in the proceedings of the court . . . ."). This phrase "relates generally to departures by the [tribunal], during the trial of a case, from the due and orderly *method of disposition* of a case." *Webb v. Webb*, 2012 S.D. 41, ¶ 13, 814 N.W.2d 818, 822 (emphasis added) (quoting *Fechner v. Case*, 2003 S.D. 37, ¶ 12, 660 N.W.2d 631, 635). The alleged error at issue here (i.e., the scope of SDCL 32-12A-36(1)) is simply a question of law; it does not relate to the method of disposition of the case. Therefore, the alleged error is not procedural, and SDCL 1-26-35 is inapplicable.

[¶10.] Even if the alleged error could be considered procedural, the circuit court's conclusion that SDCL 32-12A-36(1) does not apply to a conviction under SDCL 32-23-1(1) is incorrect. As indicated above, SDCL 32-12A-36(1) generally refers to violations of SDCL 32-23-1. Notably, SDCL 32-12A-36(1) does not specifically refer to SDCL 32-23-1(2) or any other subdivision of SDCL 32-23-1. Moreover, the text of SDCL 32-12A-36(1) is an amalgamation of the subdivisions of SDCL 32-23-1. As noted above, under SDCL 32-12A-36(1), disqualification results from a conviction for driving a "motor vehicle while under the influence of alcohol, or any controlled drug or substance, in violation of § 32-23-1[.]" Yet, multiple subdivisions of SDCL 32-23-1 address controlled drugs and substances.[4] Thus,

---

4. SDCL 32-23-1(2) addresses marijuana and "any controlled drug or substance not obtained pursuant to a valid prescription[.]" SDCL 32-23-1(3) addresses "any controlled drug or substance obtained pursuant to a valid prescription, or any other substance, to a degree which renders the person incapable of safely driving[.]" And SDCL 32-23-1(5) addresses "any substance ingested, inhaled, or otherwise taken into the body" for the purpose of becoming

(continued . . .)

#27922

SDCL 32-12A-36(1) cannot be read as referring to a specific subdivision of SDCL 32-23-1. Instead, SDCL 32-12A-36(1)'s reference to SDCL 32-23-1 is just that—a reference to the entire statute.[5]

---

(. . . continued)

intoxicated. The remaining subdivision addresses "the combined influence of an alcoholic beverage and or any controlled drug or substance obtained pursuant to a valid prescription, or any other substance, to a degree which renders the person incapable of safely driving[.]" SDCL 32-23-1(4).

5. The special writing argues that Erickson did not preserve this question for appeal and that our review of the circuit court's legal conclusions undermines "our statutes governing administrative appeals" (i.e., SDCL 1-26-35 and -36). *Infra* ¶ 17. Even so, we have the authority to review this question because the application of SDCL 32-12A-36(1) was the legal basis for the circuit court's ruling against the party that brought this appeal. *See* SDCL 15-26A-7 ("On appeal from a judgment the Supreme Court may review any order, ruling, or determination of the trial court . . . ."); *Puetz Corp. v. S.D. Dep't of Revenue*, 2015 S.D. 82, ¶ 13, 871 N.W.2d 632, 636 ("When, however, the issue is a question of law, we review the decisions of *both* the administrative agency *and* the circuit court de novo." (emphasis added) (quoting *Burke v. Butte County*, 2002 S.D. 17, ¶ 8, 640 N.W.2d 473, 477)); *Butte County v. Vallery*, 1999 S.D. 142, ¶ 8, 602 N.W.2d 284, 287 ("When the issue is a question of law, the decisions of the administrative agency and the circuit court are fully reviewable."); *N. States Power Co. v. S.D. Dep't of Revenue*, 1998 S.D. 57, ¶ 4, 578 N.W.2d 579, 580 ("Decisions by administrative agencies and circuit courts on statutory construction are fully reviewable.").

It is also appropriate to review such a question. Our rules foreclosing review of issues not raised below are only *prudential* rules of appellate practice that are designed to ensure fair play in litigation, to narrow issues, and to generate the best possible advocacy before deciding a new issue of law. But none of those considerations militate against deciding the applicability of SDCL 32-12A-36(1) here. That issue was raised by the circuit court, it was fully and fairly litigated in the court, and it became the basis upon which the court erroneously reversed the Department's decision. Regardless of whether we review only the court's procedural ruling, as the special writing proposes, or whether we address the court's ruling on the merits, the legal determination is the same. There is no dispute that Erickson pleaded guilty to SDCL 32-23-1(1) (driving while having 0.08 percent or more of alcohol in one's blood). And by affirming the Department's authority to disqualify Erickson from holding a commercial driver's license, we are holding that SDCL 32-12A-36(1) authorized the Department to disqualify Erickson from

(continued . . .)

-6-

**Conclusion**

[¶11.]     The alleged error in the administrative proceedings was not procedural.  Even if it was, SDCL 32-12A-36(1) contemplates all violations of SDCL 32-23-1.  Therefore, pleading guilty to driving a motor vehicle with a blood alcohol content of 0.08 percent or more is a conviction for driving under the influence of alcohol within the meaning of SDCL 32-12A-36(1), and the Department properly disqualified Erickson from holding a commercial driver's license for one year.  The circuit court's contrary conclusion was erroneous.

[¶12.]     We reverse.

[¶13.]     ZINTER and SEVERSON, Justices, concur.

[¶14.]     WILBUR, Retired Justice, and KERN, Justice, concur in result.

[¶15.]     JENSEN, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.


WILBUR, Retired Justice (concurring in result).

[¶16.]     I agree that "the Department properly disqualified Erickson from holding a commercial driver's license for one year." *Supra* ¶ 11.  I write specially because we should not examine whether pleading guilty to driving with a blood alcohol content of 0.08 percent or more in violation of SDCL 32-23-1(1) is a

---

(. . . continued)
      holding a commercial driver's license because he pleaded guilty to SDCL 32-23-1(1).  On the other hand, if we only address the court's procedural ruling, the court's erroneous decision on the application of SDCL 32-12A-36(1) will be read to stand.

conviction for driving while under the influence of alcohol within the meaning of SDCL 32-12A-36(1).

[¶17.]     It is undisputed that Erickson only argued to the administrative law judge that because he had received a suspended imposition of sentence and the court sealed the record of the action, SDCL 32-12A-36(1) did not apply. The issue whether pleading guilty to driving with a blood alcohol content of 0.08 percent or more in violation of SDCL 32-23-1(1) implicates SDCL 32-12A-36(1) did not arise until the circuit court sent an email to the parties indicating its intent to sua sponte raise new issues. In response to the court's email, the Department respectfully asked the circuit court to confine its decision to the record before the court (and to that before the administrative law judge) and to the issues raised by the parties. The Department cited to the statutes governing administrative appeals and cases on the standard of review. The circuit court, however, declined the Department's request, citing SDCL 1-26-35 and -36 as support for expanding the record and considering issues not raised by the parties. The court then expanded the record and decided issues not properly before it.

[¶18.]     On appeal, the Department asks this Court to examine whether the circuit court erred when it relied on SDCL 1-26-35 and -36. Having resolved that question in the affirmative, the only remaining issue on appeal is whether the circuit court erred when it reversed the final decision of the Department. To decide that issue, we need not address whether SDCL 32-12A-36(1) contemplates violations of SDCL 32-23-1(1). To conclude otherwise and analyze the issue the Department specifically asked the circuit court not to address, and which we have

now said that the court had no authority to address, in effect tells litigants that our prudential rules of appellate practice (and statutes governing administrative appeals) can be ignored. The rules can be ignored so long as the circuit court—after improperly raising an issue sua sponte and expanding the record—gives litigants a full and fair opportunity to address the issue not properly before the court. Yes, in this case, the result on appeal ends in favor of the appealing party. But what about a future case? Should not litigants be able to rely on our statutes governing administrative appeals and our well-established standards of review?

[¶19.] The majority disagrees because, in its view, the issue is moot. But in declaring the issue moot, the majority relies on its ruling that SDCL 32-12A-36(1) contemplates all violations of SDCL 32-23-1. This puts the cart before the horse. If "[t]he circuit court's reliance on SDCL 1-26-35 and -36 is misplaced," *see supra* ¶ 8, then we need only examine the issues and record before the administrative agency and decide anew whether the agency erred. This we do "unaided by any presumption that the circuit court's decision was correct." *Foley v. S.D. Real Estate Comm'n*, 1999 S.D. 101, ¶ 6, 598 N.W.2d 217, 219.

[¶20.] Here, the record from the administrative proceedings reveals that Erickson pleaded guilty to driving under the influence of alcohol in violation of SDCL 32-23-1, that he received a suspended imposition of sentence, and that the court had sealed the record of the action. The administrative law judge held that the Department properly suspended Erickson's driving privileges under SDCL 32-12A-36(1). That statute provides: "Any person is disqualified from driving a commercial motor vehicle for a period of not less than one year . . . [i]f convicted of a

first violation of driving or being in actual physical control of a commercial or noncommercial motor vehicle while under the influence of alcohol, or any controlled drug or substance, in violation of § 32-23-1[.]" *Id.* Nothing in the plain language of the statute indicates that it excludes sealed convictions or a suspended imposition of a sentence after conviction. Because Erickson was convicted for violating SDCL 32-23-1, the administrative law judge correctly held that the Department could disqualify Erickson's commercial driver's license/commercial driving privileges for a period of one year. The circuit court's conclusion to the contrary was erroneous, and its decision reversing the final decision of the Department must be reversed.

[¶21.] KERN, Justice, joins this concurrence in result.