WILBUR, Retired Justice. (concurring in result). [1116.] I agree that “the Department properly disqualified Erickson from holding a commercial driver’s license for one year.” Swpra ¶ 11. I write specially because we should not examine whether pleading guilty to driving with a blood alcohol content of 0.08 percent or more in violation of SDCL 32-23-1(1) is a conviction for driving while under the influence of alcohol within the meaning of SDCL 32-12A-36(1). [¶17.] It is undisputed that Erickson only argued to the administrative law judge that because he had received a suspended imposition of sentence and the court sealed the record of the action, SDCL 32-12A-36(l) did not apply. The issue whether pleading guilty to driving with a blood alcohol content of 0.08 percent or more in violation of SDCL 32-23-1(1) implicates SDCL 32-12A-36(l) did not arise until the circuit court sent an email to the parties indicating its intent to sua sponte raise new issues. In response to the court’s email, the Department respectfully asked the circuit court to confine its decision to the record before the court (and to that before the administrative law judge) and to the issues raised by the parties. The Department cited to the statutes governing administrative appeals and cases on the standard of review. The circuit court, however, declined the Department’s • request, citing SDCL 1-26-35 and -36 as support for expanding the record and considering issues not raised by the parties. The court then' expanded the record and decided issues not properly before it. [¶18.] On appeal, the Department asks this Court to examine whether the circuit court erred when it relied on SDCL 1-26-35 and -36. Having resolved that question in the affirmative, the only remaining issue on appeal is whether the circuit court erred when it reversed the final decision of the Department. To decide that issue, we need not address whether SDCL 32-12A-36(1) contemplates violations of SDCL 32-23-1(1). To conclude otherwise and analyze the issue thé Department specifically asked the circuit court not to address, and which we have now said that the court had no authority to address, in effect tells litigants that our prudential rules of appellate practice (and statutes governing administrative appeals) can be ignored. The rules can be ignored so long as the circuit court—after improperly raising an issue sua sponte and expanding the record— gives litigants a full and fair opportunity to address the issue not properly before the court. Yes, in this case, the result on appeal ends in favor of the appealing party. But what about a future case? Should not litigants be able to rely oh our statutes governing administrative appeals and our well-established standards of review? [1119.] The majority disagrees because, in its view, the issue is moot. But in declaring the issue moot, the majority relies on its ruling that SDCL 32-12A-36(l) contemplates all violations of SDCL 32-23-1. This puts the cart before the horse. If “[t]he circuit court’s reliance on SDCL 1-26-35 and -36 is misplaced,” see supra ¶ 8, then we need only examine the issues and record before the administrative agency and decide anew whether the agency erred. This we do “unaided by any presumption that the circuit court’s decision was correct.” Foley v. S.D. Real Estate Comm’n, 1999 S.D. 101, ¶ 6, 598 N.W.2d 217, 219. [¶20.] Here, the record from the administrative proceedings reveals that Erickson pleaded guilty to driving under the influence of alcohol in violation of SDCL 32-23-1, that he received a suspended imposition of sentence, and that the court had sealed the record of the action. The administrative law judge held that the. Department properly suspended Erickson’s driving privileges under SDCL 32-12A-36(l). That statute provides: “Any person is disqualified from driving a commercial motor vehicle for a period of not less than one year .. [i]f convicted of a first violation of driving or being in actual physical control of a commercial or noncommercial motor vehicle while under the influence of alcohol, or any controlled drug or substance, in violation of § 32—23—1[.]” Id, Nothing in the plain language of the statute indicates that it excludes sealed convictions or a suspended imposition of a sentence after conviction. Because Erickson was convicted for violating SDCL 32-23-1, the administrative law judge correctly held that the Department could disqualify Erickson’s commercial driver’s license/coramercial driving privileges for a period of one year. The circuit court’s conclusion to the contrary was .erroneous, and its decision reversing the final decision of the Department must be reversed. [¶21.] KERN, Justice, joins this concurrence in result.